IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   ~~CR 08-106 BR~~ |
| v. | ) | CR 08-376 BR |
| | ) | |
| GUSTAVO GARCIA-VEGA, | ) | **ORDER FOR CONTINUED** |
| | ) | **COMMITMENT FOR AN** |
| Defendant. | ) | **ASSESSMENT OF DEFENDANT'S** |
| | ) | **DANGEROUSNESS UNDER** |
| | ) | **18 U.S.C. § 4246** |
| | ) | |

This matter is before the court on the government's motion for a psychological or psychiatric examination to assess defendant's dangerousness under 18 U.S.C. § 4246. Defendant, through his attorney, Noel Grefenson, does not oppose the government's motion.

Defendant is charged in case number CR 08-106 with one count of Assaulting a Federal Correctional Officer at the Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan), where defendant was then incarcerated. He is charged in case number CR 08-376 with one count of Assault Resulting in Serious Bodily Injury, arising from an assault on a cell mate at FCI Sheridan. On March 19, 2009, defendant moved the court for a competency determination. In response, the government moved for a psychological or psychiatric examination of defendant. The court granted both motions.

Defendant was committed to the custody of the Attorney General for placement in an appropriate federal medical facility for competency and insanity evaluations. Following that examination, and based upon the stipulation of the parties, the Court found that defendant was not competent to stand trial, and ordered defendant committed to the custody of the

Attorney General for a "reasonable period of time, not to exceed four months," to determine whether there was a substantial probability that he would regain competency in the foreseeable future, and for "an additional reasonable period of time until his mental condition is so improved that trial may proceed or the pending charges against him are disposed of according to law, whichever is earlier." Defendant was transported to the Federal Medical Center in Butner, North Carolina (FMC Butner).

Defendant was largely uncooperative with treatment efforts at FMC Butner. Medical staff at FMC Butner concluded that defendant was not competent to stand trial, and recommended a course of anti-psychotic medication. Defendant refused to take any such medication. Thereafter, the government moved for an order for involuntary medication to restore defendant's competency under Sell v. United States, 539 U.S. 143 (2003). Defendant opposed that motion. Following an evidentiary hearing, the Court denied the government's motion for an involuntary medication order.

Relying on United States v. Godinez-Ortiz, 563 F.3d 1022 (9th Cir. 2009), the government notified the Court that it would be moving to dismiss the indictments in each case based solely on defendant's mental condition and lack of mental competency, and moved the court for a psychological or psychiatric evaluation under 18 U.S.C. § 4246 to determine if defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another.[1] In a letter dated October 25, 2010,

---

[1] The government has asked the Court to stay its decision on dismissal of the two indictments pending the outcome of the dangerousness evaluation.

PAGE 2 -   ORDER FOR CONTINUED COMMITMENT FOR AN ASSESSMENT OF DEFENDANT'S DANGEROUSNESS UNDER 18 U.S.C. § 4246

defense counsel notified the Court that while he disagreed with the government's logic, he did not object to the government's motion in light of Godinez-Ortiz.

Based upon all of the information presently available to the Court, the Court finds that defendant remains mentally incompetent to stand trial in either case. The Court further finds that defendant is not reasonably likely to regain competency without treatment with anti-psychotic medication, which, to date, he has refused to take. The government has indicated that it will be moving to dismiss all charges pending against defendant based solely on his mental condition. Accordingly, the Court finds that defendant is subject to the provisions of 18 U.S.C. § 4246.

Therefore, IT IS ORDERED that pursuant to 18 U.S.C. §§ 4246(b) and 4247(b), defendant shall continue to be committed to the custody of the Attorney General for placement at FMC Butner or another suitable federal medical facility as designated by the Attorney General, for a period not to exceed 45 days from the date defendant arrives at the designated medical facility and exclusive of transportation time, so that the Bureau of Prisons can perform a psychological and/or psychiatric assessment under 18 U.S.C. § 4246.

IT IS FURTHER ORDERED that a psychiatric and/or psychological report be filed with the court pursuant to 18 U.S.C. §§ 4247(b) and (c). Pursuant to 18 U.S.C. § 4247(c)(4)(C), said report(s) shall contain an assessment of whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

PAGE 3 -   ORDER FOR CONTINUED COMMITMENT FOR AN ASSESSMENT OF DEFENDANT'S DANGEROUSNESS UNDER 18 U.S.C. § 4246

Said report(s) shall be filed with the Court, with copies provided to counsel for defendant and counsel for the government.

The Court will stay its decision on the government's motions to dismiss the indictments pending the outcome of the dangerousness evaluation under 18 U.S.C. § 4246.

DATED this 29th day of November 2010.

                                            HONORABLE ANNA J. BROWN
                                            United States District Judge

Presented by:

DWIGHT C. HOLTON
United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney

PAGE 4 -    ORDER FOR CONTINUED COMMITMENT FOR AN ASSESSMENT OF DEFENDANT'S DANGEROUSNESS UNDER 18 U.S.C. § 4246